# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ann C. Williams | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 7061 | **DATE** | 4/14/2000 |
| **CASE TITLE** | AMERICAN SOCIETY OF CATARACT vs. DONNA E. SHALALA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Pursuant to memorandum opinion and order the court grants defendants motion for leave to file supplemental authority [56-1] and plaintiffs' motion for leave to file supplemental authority [60-1]. The court grants defendants' motion to dismiss [22-1] and denies plaintiffs' motion for expedited declaratory judgment [9-1].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | APR 17 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| DL | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMERICAN SOCIETY OF CATARACT AND REFRACTIVE SURGERY; AMERICAN ACADEMY OF ORTHOPEDIC SURGEONS; AMERICAN ACADEMY OF OPHTHALMOLOGY; AMERICAN COLLEGE OF CARDIOLOGY; AMERICAN GASTROENTEROLOGICAL ASSOCIATION; AMERICAN ASSOCIATION OF NEUROLOGICAL SURGEONS; CONGRESS OF NEUROLOGICAL SURGEONS; SOCIETY FOR EXCELLENCE IN EYECARE, INC.; OUTPATIENT OPHTHALMIC SURGERY SOCIETY; AMERICAN SOCIETY OF GASTROINTESTINAL ENDOSCOPY; AMERICAN COLLEGE OF GASTROENTEROLOGY; and AMERICAN SOCIETY OF GENERAL SURGERY, <br><br> Plaintiffs, <br><br> v. <br><br> DONNA E. SHALALA, Secretary of the United States Department of Health and Human Services and NANCY-ANN MIN DEPARLE, Administrator of the Health Care Financing Administration of the United States Department Of Health and Human Services, <br><br> Defendants. | 98 C 7061 |



## MEMORANDUM OPINION AND ORDER

Plaintiffs American Society of Cataract and Refractive Surgery et al. ("American Society") claim that Defendants Donna E. Shalala, Secretary of the United States Department of Health and Human



Services, et al. (the "Secretary") violated the Medicare Act, 42 U.S.C. § 405(a), (the "Act") by promulgating rules that were inconsistent with that Act. Plaintiffs further allege that defendants violated 5 U.S.C.§ 706(2)(A) (the Administrative Procedure Act) by promulgating a regulation, 42 C.F.R. 414.22(b)(5) (1998) that is arbitrary, capricious, an abuse of discretion, and contrary to law. Finally, plaintiffs allege that the defendants violated plaintiffs' constitutional due process rights. The Secretary filed a motion to dismiss pursuant to Federal Rules of Procedure 12(b)(1)(6), 12(b)(6), and 12(b)(7). For the reasons set forth below, the court grants defendant's motion to dismiss.

## Background

This case concerns the way that payments under the Social Security Act ("SSA") for certain physician services are calculated and a Congressionally-mandated conversion from one way of determining those reimbursements to another. Originally, reimbursements for physician services were based on what doctors had historically charged for those types of services. Congress changed the method for calculating the reimbursements by shifting from a charge-based to a resource-based system. The SSA now requires that payments be based on national, uniform relative value units ("RVUs"), which are

determined by the resources used in furnishing a particular physician service. See 62 Fed. Reg. 59048, 59050 (1997). For each service, there are actually three RVUs: (1) an RVU for physician work; (2) an RVU for practice expense ("PE-RVU"); and (3) and an RVU for malpractice expense. See id.

When initially calculated, PE-RVUs were charge-based; now they are based on the staff, equipment, and supplies used in providing medical and surgical services. See Social Security Act Amendments, PL 103-432 § 121 (Oct. 31, 1994). American Society is challenging the way the Secretary has implemented the conversion from one method of calculating the reimbursements to another.

This court ordered Magistrate Judge Rosemond to conduct necessary proceedings and enter a Report and Recommendation ("R&R") on defendants' motion to dismiss and plaintiffs' motion for expedited declaratory judgment. The Magistrate recommended that this court deny both motions. The R&R characterized plaintiffs' claim as a collateral challenge to "the process used to determine RVUs," (R&R at 7), and found that 42 U.S.C. §1395w-4(i)(1)(B) did not foreclose judicial review of such a challenge. The R&R also found that this statute was not plain and unambiguous and concluded that the Secretary's interpretation was reasonable.

American Society objects to the R&R's conclusion that the Secretary's interpretation was reasonable. American Society argues that the plain meaning of the statute was discernable, Congress' intent was clear, and the court's role is limited to determining whether the Secretary's Final Rule had violated the transition formula. Plaintiffs assert that there were only technical flaws associated with the codification of the statutory formula because all parties agreed "on the meaning of the transition formula as enacted, regardless of the problems with codification."

The Secretary objects to the R&R's conclusion that plaintiffs' challenge to the statutory scheme was collateral and not substantive. She emphasizes the express language of the statute and argues that Congress regularly addresses the issues of fee schedules and practice expense units. She also notes particular features of the scheme—tight time frames, the statutory requirement of budget neutrality, the number of transactions affected by the fee schedules—which, she asserts, supports the conclusion that Congress did not intend for there to be judicial review of the determination of relative values and relative value units. This court reviews the R&R de novo. See Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); see also 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## Analysis

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. See Triad Assocs. Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). Therefore, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. See LeBlang Motors, Ltd. v. Subaru of Am., Inc., 148 F.3d 680, 690 (7th Cir. 1998). The court will dismiss a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The Secretary argues that this case should be dismissed for lack of jurisdiction because the Secretary's determinations of RVUs under 42 U.S.C. § 1395w-4(c)(2)(C)(ii) are precluded from judicial review by the express language of 42 U.S.C. § 1395w-4(i)(1). The Secretary also raises joinder issues. Because this court finds that the statute precludes judicial review of the Secretary's RVU determinations, this court need not consider this issue.

## I. Judicial Review

There is a strong presumption favoring judicial review of administrative action. See Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667, 670 (1986). Both the Supreme Court and Congress support this view. See id.; see also, 5 U.S.C. § 706 (providing that the Administrative Procedure Act allows the court to review and set aside agency decisions). This presumption, however, may be overcome by "'specific language or specific legislative history that is a reliable indicator of congressional intent', or a specific congressional intent to preclude judicial review that is 'fairly discernable' in the detail of the legislative scheme." Michigan Academy, 476 U.S. at 673, quoting Block v. Community Nutrition Inst., 467 U.S. 340, 349, 351 (1984).

American Society asserts that the Supreme Court's recent decision in Shalala v. Illinois Council on Long Term Care, Inc., 120 S. Ct. 1084 (2000), reconfirmed a strong presumption of judicial review of administrative action. This court agrees. Illinois Council, however, dealt with a statutory scheme permitting and regulating challenges and appeals, see id. at 1090-91, while here, as discussed infra, the statutory scheme expressly, clearly, and unambiguously precludes judicial review.

Initially, this court must decide whether Congress intended to foreclose judicial challenges to the Secretary's instructions and regulations with respect to 42 U.S.C. § 1395w-4(c), the statute under consideration here. Second, this Court must evaluate whether the challenge in this case is procedural (and thus collateral and not subject to preclusion) or is, instead, a substantive attack on "the determination of relative values and relative value units under subsection (c)." 42 U.S.C. § 1395w-4(i)(1)(B).

The presumption favoring judicial review can be overcome by the specific language of the statute or by specific legislative history. See Michigan Academy, 476 U.S. at 672-73( ruling that Congress can "make exceptions to the historic practice whereby courts review agency action"); Briscoe v. Bell, 432 U.S. 404, 412 (1977) (finding preclusion if "the plain meaning and history of [the statute], the purpose and structure of the Act, as well as this Court's interpretation of it, indicate that judicial review . . . is absolutely barred"); Block, 467 U.S. at 349; ("The presumption favoring judicial review . . . may be overcome by specific language or specific legislative history that is a reliable indicator of congressional intent."). The Medicare Act, by its express terms, precludes judicial review of the determination of relative values and relative value units. 42 U.S.C. § 1395w-4(i)(1) states that

> There shall be no administrative or judicial review under
> section 1395ff of this title or otherwise of (A) the

determination of the adjusted historical payment basis . . ., (B) the determination of relative values and relative value units under subsection (c) . . ., (C) the determination of conversion factors . . ., (D) the establishment of geographic adjustment factors . . ., and (E) the establishment of the system for the coding of physicians' services.

While few courts have had occasion to review these statutory provisions, two courts have ruled specifically with respect to paragraph (B), the language at issue in this case. In American Society of Dermatology v. Shalala, 962 F. Supp. 141, 145-46 (D.D.C. 1996), aff'd, 116 F.3d 941 (D.C. Cir. 1997), the court ruled that "[it] 'lacks subject matter jurisdiction to consider plaintiff's challenge to HCFA's determination of RVUs' and that 'Congress plainly intended to give the Secretary the authority to develop and implement the [Resource Based Relative Value Scale] system without being subject to judicial scrutiny.'" Moreover, in Furlong v. Shalala, No. 94 Civ. 4817, 1996 U.S. Dist. LEXIS 9858 (S.D.N.Y. 1996), aff'd in part and rev'd in part, 156 F.3d 384 (2d Cir. 1998), the court found that paragraph (B), by its express terms, precludes judicial review of RVU determinations but does not foreclose judicial review of all issues that may implicate subsection (c). These two cases conclude that the clear language of the Act precludes administrative and judicial review of paragraphs (B) and (E). Furthermore, a third case (concerning paragraph (C)) held that "the language of the 'no review' provision clearly indicates Congress' intent to preclude administrative and judicial review of the manner in

-8-

which the conversion factor is to be calculated by the Secretary." Painter v Shalala, 97 F.3d 1351, 1356 (10th Cir. 1996).

Plaintiffs rely on Furlong to claim that 42 U.S.C. § 1395w-4(i)(1)(B) "does not foreclose judicial review of all issues which may implicate subsection [1395w-4](c)" and to argue that courts may review a reimbursement rule that affects the amount of reimbursement but is not part of the actual determination of relative values or relative value units. However, plaintiffs' reliance on Furlong is misplaced, where, as here, the policy at issue is not "utilized after the relative values and relative value units are determined," but rather, represents the actual values determination.

In Furlong, the court parsed 42 U.S.C. § 1395w-4(c) in detail and found that relative value units are "determined based on assessments such as the time and intensity required for a particular physician's service and the practice expense and malpractice percentages for that service." 1996 U.S. Dist. LEXIS 9858 at *21. Furthermore, the Furlong court states that "Section 1395w-4(i)(1)(B), by its express terms, precludes judicial review of these determinations." See id. The issue in Furlong was an ancillary policy developed by the Secretary and incorporated into 42 U.S.C. § 1395w-4(c). The court ruled that the prohibition on judicial review in 42 U.S.C. § 1395w-4(i)(1)(B) did not

extend to "all issues which may implicate subsection (c)." See id. The court continued,

> This omission is important because ancillary policies, such as the one and one-half rule, [at issue in Furlong] are not characterized as comprising part of the actual determination of relative values or relative value units. They are not referenced in Section 1395w-4(c)(2), entitled "Determination of relative values," or in Section 1395w-4(c)(2)(C), entitled "Computation of relative value units for components," but are incorporated into subsection (c) by Section 1395w-4(c)(4). Section 1395w-4(c)(4) provides that the Secretary may establish ancillary policies "to implement this section." Id. § 1395w-4(c)(4). Ancillary policies, in other words, are utilized after the relative values and relative value units are determined in order to implement their application.

See id at *21-22.

The Furlong court held that relative values are determined first, and only after this determination has been made does a value exist that the ancillary policy can affect. Therefore, Furlong is distinguished from the case at bar because here the formula codified at 42 CFR 414.22(b)(5) is precisely a part of the determination of the relative value units and is not something utilized afterwards in order to implement their application.[1]

---

[1] Congressional intent to preclude judicial review can also be fairly discerned from the legislative scheme and the overall structure of the Medicare Act Part B payment scheme. See Painter, 97 F.3d at 1356 ("[w]e conclude that inferences of congressional intent may be drawn from the overall structure of the new Part B payment scheme.").

Turning to the question of whether this challenge is procedural rather than substantive and, therefore, collateral and not subject to preclusion by the statute, the R&R describes plaintiffs' complaint as "seeking a ruling on whether the Secretary violated the Constitution or federal statutes while interpreting the statutory requirements for the transition to resource-based PE-RVUs." (R & R at 7.) The Magistrate Judge concluded that the statutory bar on judicial and administrative review does not prevent judicial review of this challenge to determine whether "the process used to determine RVUs used by the Secretary violates federal statutes or the Constitution." (Id.) This court finds, instead, that a challenge to the process used to determine relative values and relative value units is not procedural or collateral but is in fact substantive.

Plaintiffs characterize their complaint as a general collateral challenge to agency practices and policies, which is "procedural" and not the type of challenge precluded from judicial review. See McNary v. Haitian Refugee Ctr., Inc., 498 U.S. 479 (1991) (holding that statutory prohibition on judicial review of agency determination of special agricultural worker status did not apply to general collateral challenges to agency practices and policies). Reliance on McNary is misplaced, however, where, as here, a successful challenge would have the effect of deciding the merits of the case. In McNary, the

Court distinguished Heckler v. Ringer, 466 U.S. 602 (1984), where "success in their challenge of the Secretary's policy . . . would have the practical effect of also deciding their claims . . . on the merits." 498 U.S. at 495. The fact that the respondents "prevail on the merits of their purportedly procedural objections [would not] have the effect of establishing their entitlement to [special agricultural worker] status." See id.

In this Circuit, the case law is clear that challenges to agency policies are collateral when "[a] holding regarding the validity of that policy stands independent of the ultimate merits" of the benefit claims. Martin v. Shalala, 63 F.3d 497, 504 n.16 (7th Cir. 1995) (citing Marcus v. Sullivan, 926 F.2d 604, 614 (7th Cir.1991)). In the instant case, to hold invalid the Secretary's "method" would materially change all plaintiffs' benefits. It is not procedural to attack the validity of a regulation if, upon success, that attack would go to the merits of the determination defined in the regulation.

The statute which is being implemented in this case, 42 U.S.C. § 1395w-4(c), is entitled "Determination of relative values for physicians' services." The relevant section of the statute is §1395w-4(c)(2)(C), which is a mathematical formula, entitled "Computation of relative value units for components." It reads as follows:

> For purposes of this section for each physicians' service –
> (i) [Unchanged]

> (ii) Practice expense relative value units. The Secretary shall determine a number of practice expense relative value units for the service for years before 1999 <u>equal to the product of</u> –
>  (I) [<u>Unchanged</u>]
>  (II) <u>*the practice expense percentage for the service*</u> (as determined under paragraph (3)(C)(ii), and for the years beginning with 1999 based on the relative practice expense resources involved in furnishing the service. For 1999, such number of units shall be determined based 75 percent on <u>such product</u> and based 25 percent on the relative practice expense resources involved in furnishing the service. For 2000, such number of units shall be determined based 50 percent on <u>such product</u> and based 50 percent on such relative practice expense resources. For 2001, such number of units shall be determined based 25 percent on <u>such product</u> and based 75 percent on such relative practice expense resources. For a subsequent year, such number of units shall be determined based entirely on such relative practice expense resources.
>  (iii) Malpractice relative value units. . . .

(Emphasis added.)

The Plaintiffs are challenging the formula embodied in 42 CFR 414.22(b)(5), which represents the Secretary's implementation of the statutory language in §1395w-4(c)(2)(C)(ii). The regulation comprises element "II" of the equation and results in the computation of relative value units. The regulation reads:

> (5) For services furnished beginning January 1,1999, the practice expense RVUs are based on 75 percent <u>of the practice expense RVUs applicable to services furnished in 1998</u> and 25 percent of the relative practice expense resources involved in furnishing the service. For services furnished in 2000, the practice expense RVUs are based on 50 percent <u>of the practice expense RVUs applicable to services furnished in 1998</u> and 50 percent of the relative practice expense resources involved in furnishing the service. For services furnished in 2001, the practice

-13-

> expense RVUs are based on 25 percent <u>of the practice expense RVUs applicable to services furnished in 1998</u> and 75 percent of the relative practice expense resources involved in furnishing the service. For services furnished in 2002 and subsequent years, the practice expense RVUs are based entirely on relative practice expense resources.

(Emphasis added.)

The essential difference between the Secretary's formula and the statutory language is the substitution of the underlined phrases for the words "such product." The codification of this element of the formula is a part of "the determination of relative values and relative value units..." and is precisely what is precluded from judicial review by the express terms of 42 U.S.C. § 1395w-4(i)(1)(B).

Because the express language of the statute bars judicial review, and the overall structure of the Medicare Part B payment scheme supports this conclusion, this court finds congressional intent to foreclose judicial review of the Secretary's instructions and regulations. Because a holding regarding the validity of this agency policy would not stand independently of the ultimate merits of the plaintiffs' benefit claims but would instead materially alter all plaintiffs' claims, this challenge to agency policy is substantive and not collateral and there is no federal jurisdiction to hear this claim. Consequently, this court grants the Secretary's motion to dismiss.

## II. Other Issues

Even if the Medicare Act allows judicial review, this court would still find for the Secretary and deny American Society's motion for expedited declaratory judgment. As delineated in the Magistrate Judge's report, which we adopt with respect to this issue, the Secretary did not violate the Act because the rules promulgated by the Secretary were a reasonable interpretation of an unclear statute and, accordingly, were not inconsistent with the Act. Furthermore, the Secretary did not violate the Administrative Procedure Act, 5 U.S.C.§ 706(2)(A), because the transition formula used was a reasonable interpretation of an unclear statute and is, therefore, not arbitrary, capricious, an abuse of discretion, or contrary to law. (R & R at 16.)

This court also rejects plaintiffs' argument that 42 U.S.C. §1395w-4(i)(1)'s denial of judicial review deprives them of due process. The Secretary's interpretation of the Act does not result in a violation of plaintiffs' constitutional due process rights. As the American Society of Dermatology court noted, when reviewing the very statute being challenged here and considering this exact issue, "Congress has stated that the Secretary's determination of RVUs . . . cannot be reviewed. Because plaintiffs' underlying claims are based entirely on statute, they have no absolute right to judicial review." 962 F. Supp. at 146. I agree. The Supreme Court has clearly ruled

-15-

that Congress can preclude judicial review. See Briscoe, 432 U.S. at 412 (finding preclusion if "the plain meaning and history of [the statute], the purpose and structure of the Act, as well as this Court's interpretation of it, indicate that judicial review . . . is absolutely barred"). In this case, Congress has clearly foreclosed from judicial review "the determination of relative values and relative value units." 42 U.S.C. § 1395w-4(1)(B).

## Conclusion

The court grants defendants motion for leave to file supplemental authority [56-1] and plaintiffs' motion for leave to file supplemental authority [60-1]. For the reasons noted above, the court grants defendants' motion to dismiss [22-1] and denies plaintiffs' motion for expedited declaratory judgment [9-1].

ENTER:

Ann Claire Williams,
Judge

Dated: __April 14, 2000__

C:\wptext\CIVOPNS\American Society.wpd